LAWRENCE G. TOWNSEND (SBN 88184)
LAW OFFICES OF LAWRENCE G. TOWNSEND
455 Market Street, 19th Floor
San Francisco, California 94105
Telephone:   (415) 882-3288
Facsimile:   (415) 882-3299
E-Mail:      ltownsend@owe.com

Attorneys for Plaintiff SUSAN VREELAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN VREELAND, an individual, | Case No. CV 10 6147 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RESCISSION** |
| MacADAM/CAGE PUBLISHING, INC., a California corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Susan Vreeland alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for infringement of copyright pursuant to 17 U.S.C. Section 101 *et seq.* Subject matter jurisdiction is conferred by 17 U.S.C. Section 501, 28 U.S.C. Sections 1331 and 1338, with supplemental jurisdiction of related state claims vested in this court by virtue of 28 U.S.C. Sections 1338(b) and 1367.

2. The actions of the Defendant complained of herein took place within this jurisdiction and Defendant may be found within this judicial district. Venue is proper under 28 U.S.C. Sections 1391 and 1400.

### INTRADISTRICT ASSIGNMENT

3. Pursuant to Local Rule 3-2(c) and (d), this action is appropriate for the San Francisco division in that Defendant is located in San Francisco County.

1

## FIRST CAUSE OF ACTION
### Copyright Infringement

4. Susan Vreeland is an individual residing in San Diego County and is a noted writer and novelist ("Plaintiff").

5. Plaintiff is informed and believes, and thereon alleges that Defendant MacAdam/Cage Publishing, Inc. is a corporation organized under the laws of California with its principal place of business in San Francisco, California.

6. Plaintiff is the author and copyright owner of the critically-acclaimed novel Girl in Hyacinth Blue, first published in 1999 ("Plaintiff's Novel").

7. In March 1999 Plaintiff entered into an agreement permitting Defendant's predecessor in interest to publish Plaintiff's Novel ("the Publishing Agreement"). As part of the Publishing Agreement, Defendant promised to pay royalties for sale of the book and, among other things, to pay Plaintiff 50% of all receipts from sale or resale of the paperback rights. In addition to not paying Plaintiff for any hardcover sales that have occurred since June 30, 2007, Defendant was paid an advance of $50,000 by The Penguin Group in July 2008 for which Defendant was obligated under the Publishing Agreement to pay Plaintiff half of said proceeds. Defendant has failed and refused to remit to Plaintiff royalties earned and her share of the Penguin paperback advance in a total amount of $40,987.80, plus prejudgment interest.

8. On December 28, 2009, following several demands, Plaintiff gave notice to Defendant of her election to rescind the Publishing Agreement effective January 1, 2010 based on the total or partial failure of consideration, Plaintiff has not received any sums due her since March 3, 2008.

9. Copyright in Plaintiff's Novel infringed by Defendant was registered with the United States Copyright Office and is covered under Registration No. TXu 00935464, effective October 12, 1999.

10. Plaintiff is informed and believes that since January 1, 2010, Defendant has copied, displayed, sold and/or distributed Plaintiff's Novel without the consent of Plaintiff.

Complaint-Copyright Infringement, etc.; Demand for Jury Trial; Case No: _____

1  11. The above described acts of reproduction, display, sale and/or distribution of Plaintiff's Novel since January 1, 2010 constitute copyright infringement, including willful copyright infringement, as set forth in 17 U.S.C. 101 *et seq.*

12. As a result of Defendant's acts of copyright infringement, Plaintiff is entitled to an accounting of Defendant's profits and Plaintiff's actual damages, or statutory damages in the amount of $150,000 under 17 U.S.C. Section 504(c)(2) and an injunction prohibiting further acts of infringement.

WHEREFORE, Plaintiff prays for judgment as follows.

### SECOND CAUSE OF ACTION
### Rescission

13. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 12 above.

14. On or about December 28, 2009 Plaintiff notified Defendant of her election to rescind the Publishing Agreement based on total or partial failure of consideration through the sole fault of Defendant over the course of two (2) years and failure and refusal to pay monies owed under the Publishing Agreement in the amount of $40,987.80.

15. There is no consideration to return to Defendant since all royalties paid to Plaintiff to date have been earned.

16. Plaintiff has performed all conditions and covenants required of her in the Publishing Agreement.

17. As a result of Defendant's breach of contract, Plaintiff seeks a judicial determination by the court that the Publishing Agreement has been rescinded and that Plaintiff will be paid all royalties owing to her prior to January 1, 2010.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below:

(a) For an accounting and award of all of Defendants' profits derived from the acts of copyright infringement, including restitution of the unearned portion of Defendant's half

3

of the Penguin advance;

    (b)    For actual damages sustained by Plaintiff for copyright infringement;

    (c)    For statutory damages in the amount of $150,000 for willful copyright infringement as provided for in 17 U.S.C. Section 504(c)(2);

    (d)    For damages for breach of contract;

    (e)    For attorneys' fees under 17 U.S.C. Section 505;

    (f)    For a judicial determination by the Court that the Publishing Agreement has been rescinded;

    (g)    For an injunction prohibiting Defendant from reproducing, displaying, selling, and distributing copies, or attempting to convey or sublicense rights in Plaintiff's Novel;

    (h)    For costs of suit herein incurred; and

    (i)    For such other and further relief as the court deems just and proper.

Respectfully submitted,

DATED: February 11, 2010    LAW OFFICES OF LAWRENCE G. TOWNSEND

By: _____
Lawrence G. Townsend
Attorneys For Plaintiff SUSAN VREELAND

## DEMAND FOR JURY

Plaintiff hereby demands a trial by jury.

Dated: February 11, 2010    LAW OFFICES OF LAWRENCE G. TOWNSEND

By: _____
Lawrence G. Townsend
Attorneys For Plaintiff SUSAN VREELAND

4