1   LAWRENCE G. TOWNSEND  (SBN 88184)
     LAW OFFICES OF LAWRENCE G. TOWNSEND
2   455 Market Street, 19th Floor
     San Francisco, California 94105
3   Telephone:   (415) 882-3288
     Facsimile:    (415) 882-3299
4   E-Mail:       ltownsend@owe.com

5   Attorneys for Plaintiff SUSAN VREELAND

6

7

8                IN THE UNITED STATES DISTRICT COURT

                FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10

11   SUSAN VREELAND, an individual,    )  Case No.  CV 10 614 EMC
                             )
12               Plaintiff,     )
                             )  **STIPULATION FOR JUDGMENT**
13      vs.                   )  **PURSUANT TO SETTLEMENT**
                             )  **AGREEMENT**
14   MacADAM/CAGE PUBLISHING, INC., a   )
     California corporation,           )
15               Defendant.    )
  _____)

16        1.      The above-referenced case is settled upon the terms and conditions set forth in the

17   executed Settlement Agreement And Release ("Settlement Agreement"), a true and correct copy

18   of which is attached hereto marked Exhibit 1 and made a part hereof.

19        2.      Pursuant to such Settlement Agreement the parties agreed that if Defendant

20   MacAdam/Cage Publishing, Inc. failed to pay the entire Settlement Amount as agreed pursuant

21   to such Settlement Agreement, Plaintiff, at her election, upon written ex parte application, may

22   have the dismissal without prejudice set aside and judgment entered in favor of Plaintiff against

23   Defendant MacAdam/Cage Publishing, Inc. in the amount of Sixty Thousand Dollars, less any

24   amounts paid by or credited to Defendant MacAdam/Cage Publishing, Inc. pursuant to the

25   Settlement Agreement, as set forth in the accompanying declaration from Plaintiff's counsel.

26        3.      The parties further agree in the event of such default of the Settlement Agreement

27   that Plaintiff would be entitled to judgment granting rescission of the Publishing Agreement

28                                         1

1  effective upon entry of the judgment resulting in reversion of all rights to the work *Girl in*

2  *Hyacinth Blue* back to Plaintiff, except for such rights as my have previously been granted to

3  third parties as authorized in the Publishing Agreement.

4

5  DATED: _____, 2010          LAW OFFICES OF LAWRENCE G. TOWNSEND

6

7                                    By: _____

8                                         Lawrence G. Townsend
                                          Attorneys For Plaintiff SUSAN VREELAND

9

10 DATED: _____, 2010          MACADAM/CAGE PUBLISHING, INC.

11

12

13                                   By: _____

14                                        David Poindexter
                                          President

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          2

1

## JUDGMENT

2

3     **IT IS FURTHER ORDERED ADJUDGED AND DECREED THAT** the Publishing

4    Agreement dated March 1999, between the parties is hereby rescinded effective upon entry of the

5    judgment resulting in reversion of all rights to the work *Girl in Hyacinth Blue* back to Plaintiff,

6    except for such rights as my have previously been granted to third parties as authorized in the

7    Publishing Agreement.

8          **IT IS FURTHER ORDERED ADJUDGED AND DECREED THAT** pursuant

9    to the above, Plaintiff Susan Vreeland shall have judgment against Defendant MacAdam/Cage

10   Publishing, Inc. jointly and severally, in the amount of $ 52,000

11

12

13   DATED:        9/29/10



14                                                            U.S. District Judge

15

16   S:\LGT-TENA\Vreeland\Stip-Judgment.wpd

17

18

19

20

21

22

23

24

25

26

27

28

3

Stipulation For Judgment Pursuant To Settlement Agreement; Case No: CV 10 614 EMC

EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This settlement agreement and release (the "Agreement") is made and entered into and effective as of April 10, 2010 ("Effective Date"), by and between Plaintiff SUSAN VREELAND ("Vreeland"), a resident of San Diego County, State of California, and Defendant MACADAM/CAGE PUBLISHING, INC., a California corporation ("MacAdam/Cage Publishing"), hereinafter collectively referred to as the "PARTIES." There are no other parties to this Agreement.

## RECITALS

WHEREAS, on February 11, 2010, Vreeland instituted a lawsuit in United States District Court for the Northern District of California (CV 10-614 EMC), against MacAdam/Cage Publishing regarding, among other things, claims of Vreeland for unpaid royalties, including claims of copyright infringement and rescission of the publishing agreement between the PARTIES or their predecessors dated March 1999 (the "Publishing Agreement"), hereinafter referred to as the "Civil Action"; and

WHEREAS, MacAdam/Cage Publishing denies any liability or wrongdoing and all salient allegations contained in Vreeland's complaint; and

WHEREAS, the PARTIES hereto intend to fully release, settle, and dispose of any and all claims, demands, and disputes of any kind against each other, including, but not limited to any and all claims, demands and/or disputes of any nature heretofore or hereafter arising out of or connected with the Civil Action.

1

NOW THEREFORE, in consideration of the promises herein contained and intending to be legally bound, the PARTIES hereby agree as follows:

1.      <u>Dismissal of Action</u>.  Within three (3) business days of receipt of an executed copy of this Agreement from MacAdam/Cage Publishing, Inc., receipt of the initial Installment and shipment of books called for in paragraph 2, Vreeland shall cause to be executed and filed with the Court a stipulated request for dismissal of the Action without prejudice.

2.      <u>Payment/Consideration To Be Delivered By MacAdam/Cage Publishing, Inc. To Vreeland</u>.  MacAdam/Cage Publishing, Inc. represents and warrants that the amount earned by Vreeland under the Publishing Agreement through December 31, 2009 is $41,284.43. MacAdam/Cage Publishing, Inc. agrees to pay Vreeland Forty-Five Thousand Dollars ($45,000, representing amounts due to Vreeland through December 31, 2009 plus accrued interest).  The latter amount or such greater amount specified in the event of default shall hereafter be referred to as the "Settlement Amount," and it shall be paid as follows and upon the following terms:

   a.      Upon delivery of a copy of this Agreement executed by MacAdam/Cage Publishing, Inc., but no later than April 15, 2010, MacAdam/Cage Publishing, Inc. shall cause to be delivered to Susan Vreeland the following:

      i.      A valid check payable to "Barbara Braun" (Vreeland's agent) in the amount of $1,500 ("Initial Installment") and addressed to: Barbara Braun Associates, 7 East 14th Street, #19F, New York, New York 10007 ("the Braun address");

      ii.      One hundred forty-four (144) copies of *Girl in Hyacinth Blue* ("the

2

book") to be shipped to SusanVreeland, 6204 Via Regla, San

Diego, CA  92122 ("the Vreeland address");

    iii.    An executed Stipulation for Judgment in the form attached hereto

as Exhibit A and made a part hereof by this reference ("Stipulated

Judgment") and delivered to Vreeland's counsel, Lawrence G.

Townsend, Law Offices of Lawrence G. Townsend, 455 Market

Street, Suite 1910, San Francisco, CA 94105.

    b.    On or before May 15, 2010, and on or before June 15, 2010,

MacAdam/Cage Publishing, Inc. shall cause to be delivered to Vreeland payments in the amount

of $1,500 to Barbara Braun and delivered to the Braun address.  Thereafter, MacAdam/Cage

Publishing, Inc. shall make 15 payments of $2,500 beginning on July 15, 2010 and the 15th of

each month thereafter, and a final (16th) payment of $500 for a total of $45,000 (crediting $1,500

for the 144 books delivered, including shipping charges to be absorbed by MacAdam/Cage

Publishing, Inc.).  Additionally, MacAdam/Cage Publishing, Inc. agrees to pass through to

Vreeland, without distributing any fee to itself, any payments it receives from third party

licensees, including but not limited to payments from international sales or from any income

from other subsidiary rights ("pass-through amounts"); such pass-through amounts paid to

Vreeland, representing MacAdam/Cage Publishing, Inc.'s portion of said proceeds, shall be

credited towards the Settlement Amount, and shall have the effect of reducing the last payment(s)

of the Settlement Amount under this Agreement *pro tanto*.  In the event there is a recapitalization

of MacAdam/Cage Publishing, Inc. in the amount of $250,000 or greater, MacAdam/Cage

Publishing, Inc. shall commence making payments of $4,000 per month until paid in full rather

3

than $2,500 per month when required.  If any of the foregoing payments or shipments shall not have been received when due and within five (5) days written notice to MacAdam/Cage Publishing, Inc. via email (david@macadamcage.com) of such failure of receipt, Vreeland will have the right to move ex parte to set aside the dismissal and pursuant to the Stipulation for Judgment (Exhibit A) and/or to have judgment entered against MacAdam/Cage Publishing, Inc. in the amount of Sixty Thousand Dollars ($60,000), less any amounts paid by or credited to MacAdam/Cage Publishing, Inc. under this paragraph and 2.a.i., 2.1.ii, above.  The additional amount over and above $45,000 shall represent damages, attorney's fees and costs sought in the Civil Action.  In the event judgment is entered as provided herein, Vreeland shall be awarded rescission of the Publishing Agreement as set forth in Exhibit A.

        d.      In the event the court declines to exercise continuing jurisdiction as requested in the Stipulation and Order Requesting dismissal of the Civil Action and/or the court, in the event of a claimed breach pursuant to the terms herein and request to set aside the dismissal, declines to set aside the dismissal as to MacAdam/Cage Publishing, Inc. or enter the Stipulated Judgment for reasons other than an amount sought by Vreeland is not due or owing from MacAdam/Cage Publishing, Inc., Vreeland's rights to the payment specified for breach of this agreement shall in no way be prejudiced.  In such event, Vreeland may, at her election, file and serve a new action to enforce the terms of this Agreement.  Venue to resolve any dispute relating to this Agreement shall be exclusively in a court of competent jurisdiction in San Francisco, California.

        3.     <u>Mutual Release</u>.  Except as otherwise provided herein, and upon the execution and performance of this Agreement, the PARTIES, and each of them and on behalf of themselves

and all of their respective executors, administrators, predecessors, successors, assigns, corporations, agents, representatives, attorneys-in-fact, shareholders, subsidiaries, affiliates, partners, trustees, beneficiaries, officers, directors, employees, accountants, principals, joint venturers, and attorneys, past or present, or anyone else claiming by and through each of them, shall absolutely hereby release and forever discharge each other and each of their respective shareholders, directors, officers, members, attorneys, assigns, transferees, transferors and employees, jointly and individually, from any and all claims, demands, obligations, damages, liabilities, and any other causes of action of every kind and nature whatsoever, whether now known or unknown, which each PARTY now has, owns or holds, or at any time heretofore, had, owned or held, or could, shall or may hereafter have, own, or hold, arising out of or in any manner related to the Civil Action, except that such release and discharge shall not apply with respect to any promises, agreements, or warranties contained in this Agreement.  Except as modified or agreed herein, the Publishing Agreement shall continue in force unless rescinded under the terms and conditions of this Agreement.

This is a full and final Release applying to all unknown and unanticipated damages arising out of said event or events, as well as to those now known or disclosed.  In this regard, the PARTIES also waive the provisions of California Civil Code section 1542, which states as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in which if known by him must have materially affected his settlement with debtor.

In this connection, the PARTIES hereto acknowledge that they are aware that each of the PARTIES hereto may hereafter discover facts different from or in addition to those which each

PARTY or her or its attorneys now know or believe to be true with respect to the matters released in this Agreement, and agree that the releases given above shall be and remain in effect as full and complete releases of the respective claims, notwithstanding any such different or additional facts.

   4. <u>No Assignment</u>.  Each PARTY hereto represents and warrants that she or it owns the claims released herein by her or it to the extent such claims exist and has not sold, assigned or otherwise transferred such claims or any interest in them and that she or it has full power and authority to enter into this Agreement and perform its obligations hereunder.

   5. <u>Entire Agreement</u>.  The provisions herein constitute the entire agreement between the PARTIES with respect to the subject matter hereof and fully supersedes and cancels any and all prior or contemporaneous, oral, implied or written agreements, understandings and discussions between or among any of them, and all other communications relating to the subject matter hereof.  No amendment or modification of any provision of this Agreement will be effective unless set forth in a document that purports to amend this Agreement and is executed by all PARTIES.

   6. <u>No Admission of Liability</u>.  Each of the PARTIES hereto agrees that this Agreement is the result of a compromise and shall not be construed as an admission by any PARTY of any fact, liability, wrongdoing, or responsibility on their part or on the part of the PARTIES' respective successors, assigns, owners, principals, officers, attorneys, and/or directors.  Indeed, the PARTIES expressly deny any such liability, wrongdoing, or responsibility.

   7. <u>No Representations or Inducements</u>.  Each of the PARTIES warrants that in executing this Agreement there has been no reliance on any inducements, promises or

representations made regarding any fact relied upon in entering into this Agreement other than those expressly contained in this Agreement.

8.   Costs of the Suit.  Except as stated in Paragraph 2.b. of this Agreement, the PARTIES agree to each pay their own costs of suit in the Civil Action.

9.   Severability.  If any term, condition or provision of this Agreement is declared to be invalid or illegal for any reason by a court of competent jurisdiction, the remaining terms, conditions and provisions shall remain in full force and effect.

10.   Governing Law.  The validity, construction and performance of this Agreement shall be governed by the substantive laws of the State of California.  Any claims hereunder will be resolved in the courts of the State of California.

11.   Counterparts.  This Agreement may be executed in counterparts and by facsimile, which, when taken together, shall be deemed to constitute a single original.  Executed copies of this Agreement may be delivered via e mail (PDF format) and shall be treated as original signatures for purposes of this Agreement.

12.   No Other Actions Pending.  The PARTIES represent that no PARTY has filed any complaints or counterclaims against the other PARTY to this Agreement or any PARTY's owners, principals, officers, directors, employees, representatives, servants, companies, corporations, limited liability corporations, ventures, partnerships, subsidiaries, divisions, successors, predecessors, parents, licensees, assigns or any other affiliated persons or entities, with any federal, state or local court or agency or arbitration administrator.

13.   Binding Effect.  Each of the PARTIES hereto agrees that this Agreement shall be binding upon and inure to the benefit of the PARTIES and each of their respective predecessors

7

and former, present and future parent corporations, subsidiaries, affiliates, successors, assigns, trustees, heirs, administrators, officers, directors, attorneys, attorneys-in-fact, agents and employees without time limitation.

14.     <u>Additional Mutual Representations, Covenants and Warranties</u>.  Each of the PARTIES to this Agreement represents, covenants, warrants and agrees as follows.

a.     Each of the PARTIES hereto represents and warrants that she or it (a) has been or has had the opportunity to be represented by legal counsel of her or its choosing with respect to the negotiation of this Agreement, the advisability of making the settlement provided for herein, and the advisability of executing this Agreement; and (b) has been or has had the opportunity to be advised by legal counsel of her or its choosing as to her or its respective rights and obligations with respect to this Agreement; and (c) has had the opportunity to participate in the review and drafting of this Agreement;

b.     Each of the PARTIES hereto acknowledges that each has read and understood the contents of this Agreement;

c.     Each PARTY to this Agreement has made such investigation of the facts pertaining to this settlement and this Agreement and of all the matters pertaining thereto as she or it deems necessary, including, without limitation, the tax and legal consequences of this transaction;

d.     Each of the PARTIES hereto represents and warrants that she or it is the holder of all claims released in this Agreement and that they have not sold, assigned, transferred, conveyed or otherwise disposed, or purported to have assigned, transferred, conveyed or otherwise disposed to any person or entity any claim, demand, debt, liability, account, obligation

8

or cause of action herein released.

15.     <u>Attorneys' Fees And Cost Provision</u>.  In any action to prevent or remedy a breach of this Agreement, the prevailing PARTY shall recover her or its costs, including reasonable attorney's fees.  Such attorneys' fees and costs include all those related to the pursuit and enforcement of any breach of or judgment stemming from any breach of this Agreement, such as, without limitation, the costs of subpoenas, depositions, transcripts and the like, witness fees, payment of reasonable attorney's fees, and similar costs related to collecting any judgment, and they will be added to, and become a part of, the amount due pursuant to this Agreement.

16.     <u>No Adverse Construction</u>.  Each of the PARTIES hereto agrees that the language of this Agreement is a product of the mutual effort of the PARTIES.  This Agreement shall be construed fairly as to all PARTIES, and it shall not be construed for or against any of the PARTIES on the basis of the extent to which that PARTY participated in drafting it.


IN WITNESS WHEREOF, the parties have caused this Agreement to be signed below as of the date and year set above.


_____

Susan Vreeland, individually


MACADAM/CAGE PUBLISHING, INC.


By: _____

        David Poindexter, President


9

or cause of action herein released.

15. <u>Attorneys' Fees And Cost Provision</u>. In any action to prevent or remedy a breach of this Agreement, the prevailing PARTY shall recover her or its costs, including reasonable attorney's fees. Such attorneys' fees and costs include all those related to the pursuit and enforcement of any breach of or judgment stemming from any breach of this Agreement, such as, without limitation, the costs of subpoenas, depositions, transcripts and the like, witness fees, payment of reasonable attorney's fees, and similar costs related to collecting any judgment, and they will be added to, and become a part of, the amount due pursuant to this Agreement.

16. <u>No Adverse Construction</u>. Each of the PARTIES hereto agrees that the language of this Agreement is a product of the mutual effort of the PARTIES. This Agreement shall be construed fairly as to all PARTIES, and it shall not be construed for or against any of the PARTIES on the basis of the extent to which that PARTY participated in drafting it.

IN WITNESS WHEREOF, the parties have caused this Agreement to be signed below as of the date and year set above.

_Susan Vreeland_

Susan Vreeland, individually

MACADAM/CAGE PUBLISHING, INC.

By: _____

David Poindexter, President

9

# EXHIBIT A

LAWRENCE G. TOWNSEND  (SBN 88184)
LAW OFFICES OF LAWRENCE G. TOWNSEND
455 Market Street, 19th Floor
San Francisco, California 94105
Telephone:     (415) 882-3288
Facsimile:     (415) 882-3299
E-Mail:        ltownsend@owe.com

Attorneys for Plaintiff SUSAN VREELAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUSAN VREELAND, an individual, | ) | Case No.  CV 10 614 EMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **STIPULATION FOR JUDGMENT** |
| vs. | ) | **PURSUANT TO SETTLEMENT** |
| | ) | **AGREEMENT** |
| MacADAM/CAGE PUBLISHING, INC., a | ) | |
| California corporation, | ) | |
| Defendant. | ) | |
| | ) | |

1.      The above-referenced case is settled upon the terms and conditions set forth in the executed Settlement Agreement And Release ("Settlement Agreement"), a true and correct copy of which is attached hereto marked Exhibit 1 and made a part hereof.

2.      Pursuant to such Settlement Agreement the parties agreed that if Defendant MacAdam/Cage Publishing, Inc. failed to pay the entire Settlement Amount as agreed pursuant to such Settlement Agreement, Plaintiff, at her election, upon written ex parte application, may have the dismissal without prejudice set aside and judgment entered in favor of Plaintiff against Defendant MacAdam/Cage Publishing, Inc. in the amount of Sixty Thousand Dollars, less any amounts paid by or credited to Defendant MacAdam/Cage Publishing, Inc. pursuant to the Settlement Agreement, as set forth in the accompanying declaration from Plaintiff's counsel.

3.      The parties further agree in the event of such default of the Settlement Agreement that Plaintiff would be entitled to judgment granting rescission of the Publishing Agreement

Stipulation For Judgment Pursuant To Settlement Agreement; Case No: CV 10 614 EMC

1  effective upon entry of the judgment resulting in reversion of all rights to the work *Girl in*

2  *Hyacinth Blue* back to Plaintiff, except for such rights as my have previously been granted to

3  third parties as authorized in the Publishing Agreement.

4

5  DATED: _____, 2010        LAW OFFICES OF LAWRENCE G. TOWNSEND

6

7                                  By: _____

8                                      Lawrence G. Townsend
                                       Attorneys For Plaintiff SUSAN VREELAND

9

10 DATED: 4/20____, 2010            MACADAM/CAGE PUBLISHING, INC.

11

12

13                                 By: _____

14                                     David Poindexter
                                       President

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          2

**JUDGMENT**

**IT IS FURTHER ORDERED ADJUDGED AND DECREED THAT** the Publishing Agreement dated March 1999, between the parties is hereby rescinded effective upon entry of the judgment resulting in reversion of all rights to the work *Girl in Hyacinth Blue* back to Plaintiff, except for such rights as my have previously been granted to third parties as authorized in the Publishing Agreement.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED THAT** pursuant to the above, Plaintiff Susan Vreeland shall have judgment against Defendant MacAdam/Cage Publishing, Inc. jointly and severally, in the amount of $_____

DATED: _____        _____
                                                     U.S. District Judge

S:\LGT-TENA\Vreeland\Stip-Judgment.wpd

3